UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Golden Creek Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Quality Loan Servicing Corporation; Nationstar Mortgage LLC; Nevada Legal News, LLC, et al., <br><br> Defendants. | Case No.: 2:22-cv-00166-CDS-EJY <br><br> **Order Denying Motion to Remand** <br><br> (ECF No. 13) |

Before the Court is Plaintiff's motion to remand this case back to state court. Having considered each party's moving papers and the relevant law, the Court hereby denies Plaintiff's Motion to Remand (ECF No. 13) and denies Plaintiff's Motion to Stay the Case (ECF No. 14) as moot.

### I. Relevant Background Information

This case stems from disputed claims over a parcel of real property in Nevada. *See generally* ECF No. 1-1. Plaintiff Golden Creek Holdings, Inc. ("Golden Creek") alleges that Defendant Nationstar Mortgage LLC ("Nationstar") is the beneficiary of a deed of trust recorded against the parcel owned by Golden Creek. *Id.* Nationstar attempted to foreclose on the property, then Golden Creek sued under the theory that the deed of trust was extinguished in 2021 pursuant to Nevada law. *Id.* Golden Creek included Defendant Quality Loan Servicing Corporation ("Quality Loan") because Quality Loan is Nationstar's trustee under the property's deed of trust. *Id.* at 2, ¶5. Golden Creek does not explain why Nevada Legal News was included as a defendant. *See generally* ECF No. 1-1.

1  Defendants were served on December 30, 2021. Removal Petition, ECF No. 1 at 2, ¶2. Quality Loan filed a declaration of non-monetary status pursuant to NRS 107.029 on January 8, 2022. ECF No. 20-1 at 41. After fifteen days had passed without an objection, the state court issued an order granting Quality Loan non-monetary status on January 28, 2022. ECF No. 20-1 at 46-47. Nationstar then filed a timely petition of removal that same day, asserting that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See generally* ECF No. 1. Golden Creek filed a timely motion to remand on February 28, 2022. ECF No. 13. They also filed a motion to stay this case pending resolution of the jurisdictional issues. ECF No. 14.  Nationstar responded to both motions on March 8, 2022. ECF Nos. 20, 21. Golden Creek replied to the remand response on March 15, 2022. ECF No. 23.

Golden Creek moves this Court to remand this action to state court, arguing that removal was improper for two reasons: first, they assert a procedural defect in the Defendants' failure to join all Defendants in the removal petition, and second, they claim this Court lacks subject matter jurisdiction. ECF No. 13 at 1. They contend that Plaintiff Golden Creek and Defendant Nevada Legal News ("NLN") share Nevada citizenship, thus defeating diversity jurisdiction. *Id.* at 3-5.

Nationstar responds that its failure to join all defendants in the removal petition was not defective because Quality Loan and NLN were either nominal parties or fraudulently joined to the lawsuit. ECF No. 20 at 5-9.

Plaintiff's reply argues that neither Quality Loan nor NLN are nominal or fraudulently joined, and that Quality Loan manifestly assented to the state court's jurisdiction by filing responsive pleadings in the state court action prior to Nationstar's removal. *See generally* ECF No. 23.

II.  Legal Framework

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389-99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949-50 (9th Cir. 2017).

However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Federal jurisdiction must exist at the time that the complaint is filed and at the time the removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Gaus*, 980 F.2d at 566. A defendant always has the burden of establishing that removal is proper. *Id.*

### III. Analysis

Despite the "strong presumption" against removal jurisdiction, I find that the defendant has carried the heavy burden of establishing that removal is proper in this action. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Nevada Legal News was improperly joined to this lawsuit and Quality Loan Servicing Corporation was a nominal party at the time that the removal was effected.

#### i. *Nevada Legal News is a Sham Defendant*

NLN was improperly joined to this litigation and must be disregarded for the purpose of analyzing diversity jurisdiction. The presence of a fraudulently joined or "sham" non-diverse defendant cannot defeat diversity jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). It is a defendant's burden to prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Down Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The defendant bears a "heavy burden since there is a general presumption against fraudulent joinder." *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). In other words, "[i]n the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1175-76 (E.D. Cal. 2011).

NLN is not substantively discussed in Plaintiff's Complaint nor is NLN connected to the Plaintiff's specific claims. *See generally* ECF No. 1-1. This Court finds the reasoning applied in another case with similar facts also applicable here. In *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr.*, District Court Judge Jennifer A. Dorsey found that "[t]here is no realistic possibility that a state court would find that the Trust's complaint states a cause of action against NLN. The complaint contains no factual allegations against this defendant, let alone any that would suggest that it is a proper defendant in this quiet-title action that is entirely about the enforceability of a [] deed of trust on a property that NLN has no interest in." *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr.*, 2022 WL 717577, at *2 (D. Nev. Mar. 10, 2022). Evaluating the facts before the Court, this complaint suffers same defects and deficiencies identified in the *Wandering Street* case.

Golden Creek does not assert a claim against NLN through which NLN can be held liable. Instead, Golden Creek pursues four claims for relief in its complaint: (1) to quiet title, (2) to cancel the deed of trust, (3) injunctive relief, and (4) wrongful foreclosure. The first two causes of action cannot apply to NLN as NLN does not claim an interest in the subject property. The third cause of action does not establish a claim against NLN on which NLN can be held liable, as injunctive relief is a remedy, not a separate claim. *RH Kids, LLC v. Nat'l Default Serv. Corp.*, 2022 WL 2316850, at *2 (D. Nev. June 28, 2022) (slip op) (Gordon, J.); *see also 7321 Wandering St. Tr.*, 2022 WL 717577, at *2 (stating that "injunctive relief is not an independent cause of action; rather it is a remedy for another viable cause of action"). Finally, with respect to the wrongful foreclosure claim, Golden Creek first asserts that NLN is "acting as the agent for Defendants Nationstar and/or [Quality Loan], to effectuate the contemplated foreclosure sale of the subject property" in its motion to remand. ECF No. 13 at 2. However, to the extent that Golden Creek

seeks to pursue its wrongful foreclosure claim against Golden Creek, such a claim is unripe because no foreclosure has yet taken place. *RH Kids*, 2022 WL 2316850, at *2.

Because Golden Creek's failure to state a claim against NLN is obvious and because Golden Creek has no possibility of recovering from NLN based on the claims raised thus far by Golden Creek, I find that NLN is a fraudulently joined defendant whose citizenship should be disregarded for the diversity jurisdiction analysis.

    ii.    *Quality Loan Servicing Corporation is a Nominal Party*

Quality Loan is a nominal party and must also be disregarded for the purpose of analyzing diversity jurisdiction. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A nominal defendant is defined as:

> A person who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." The paradigmatic nominal defendant is "a trustee, agent, or depositary … joined purely as a means of facilitating collection." As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest. Accordingly, "there is no claim against him and it is unnecessary to obtain subject matter over him once jurisdiction of the defendant is established."

*S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (citing *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). A nominal defendant "has further been described as a party with 'nothing at stake' or one who has 'no interest in the action' and is 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" *Pardo v. Sage Point Lender Servs. LLC*, 2014 WL 3503095, at *3 (S.D. Cal. July 14, 2014) (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

Nationstar argues that Quality Loan was only named in this action as a trustee. Quality Loan filed a declaration of non-monetary status in this lawsuit, stating that Quality Loan was named in this lawsuit solely as a trustee and not resulting from a wrongful act or omission. ECF

No. 20-1 at 41-42. No party objected, and the state court ordered Quality Loan a non-monetary participant pursuant to NRS 107.029. ECF No. 20-1 at 46-47.

District courts have widely recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes. *See Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) (collecting cases). Golden Creek had the opportunity to contest Quality Loan's fiscal liability in this litigation during the 15-day waiting period between Quality Loan's declaration and the state court's order. They did not do so. It is improper for Plaintiff to now assert, for the first time, in their reply to the motion to remand, that they may pursue monetary damages against Quality Loan. *See* ECF No. 23 at 8 (stating that Quality Loan may be directly liable for all damages sustained by Golden Creek).

Consequently, I find that Quality Loan is merely a trustee in this action and should be considered a "paradigmatic nominal defendant." *Colello*, 139 F.3d at 676. Quality Loan's citizenship should be disregarded for the diversity jurisdiction analysis.

      *iii.*    *The Court Has Diversity Jurisdiction over This Controversy*

In sum, having found NLN fraudulently joined to this litigation and that Quality Loan is a nominal defendant to this litigation, the remaining controversy lies between Golden Creek and Nationstar. Both sides agree that this Court has diversity jurisdiction between those two parties. *See* Defendant's Petition, ECF No. 1 at 3 (stating that "Nationstar is a citizen of Delaware and Texas" and that "[Golden Creek] is a citizen of Nevada"); Plaintiff's Motion, ECF No. 13 at 5-6 (stating that Golden Creek is "deemed a Nevada citizen" and that Nationstar "is a Delaware citizen").

. . .

      iv.     *Nationstar's Notice of Removal Was Not Procedurally Defective*

Golden Creek also contends that this Court lacks jurisdiction because Nationstar filed a defective notice of removal to federal court when they did not seek prior approval in removing this case from their co-defendant, Quality Loan. ECF No. 13 at 6-7. Typically, all defendants in the state court case must "join in or consent to" the petition to remove the action to federal court. 28 U.S.C. § 1446(a). However, nominal and fraudulently joined parties to the litigation are exempt from that requirement. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (stating that all defendants in a state action must join in the petition for removal, "except for nominal, unknown, or fraudulently joined parties"). Because Quality Loan is a nominal defendant and NLN was fraudulently joined, neither party's consent was required in Nationstar's petition for removal.

      v.     *Nationstar Did Not Waive its Right to Removal*

Finally, Golden Creek asserts that Nationstar "manifestly assented to the jurisdiction of state court, thereby waiving its right to removal." ECF No. 23 at 8-9. They raise this argument for the first time in their reply brief. *Compare* ECF No. 13 (motion for remand) *with* ECF No. 23 (reply to response to motion to remand). "New arguments may not be introduced in a reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1. (9th Cir. 1992). While I need not consider Golden Creek's extraneous argument, I reach the waiver argument regardless after considering this Circuit's "strong presumption against removal jurisdiction."

Golden Creek cannot cite persuasive authority for the proposition that Nationstar's filing of a motion to dismiss in state court preempts its ability to remove the case to federal court. In fact, the authority Golden Creek cites notes, "it is well settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove." *Acosta v. Direct Merch. Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002). Other

8

district courts agree. *See, e.g., Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1285 (C.D. Cal. 2004) ("[T]he defendant's act of filing an answer in state court does not constitute waiver."); *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (stating that access to a federal forum is a significant right, thus "a waiver of the right of removal must be clear and unequivocal").

Furthermore, the Ninth Circuit has noted that defendants may waive the right to remove to federal court when they "take[] actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018). Generally speaking, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) (abrogated on other grounds by *Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428 n. 14 (5th Cir. 2003)). Golden Creek cannot point to any actions Nationstar took in state court that manifest Nationstar's intent to have the matter adjudicated there.

However, Golden Creek's further contends that Nationstar somehow waived its right to remove the case because its counsel, litigating a **different** state court case between **different** parties, lost a motion to dismiss in a separate wrongful foreclosure action concerning some other subject property. ECF Nos. 23 at 9-10; 23-2 at 2. Golden Creek does not cite legal authority for the principle that a party's procedural right to a federal forum can somehow be abdicated by the denial of a state court motion in an unrelated case between unrelated parties. Because Golden Creek cannot demonstrate that Nationstar has attempted to adjudicate the state court case underlying the instant action on its merits, Nationstar has not waived its right to remove to federal court.

III. Conclusion

For the reasons set forth in this Order,

IT IS HEREBY ORDERED that the motion to remand (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay the Case (ECF No. 14) is DENIED as moot.

DATED this August 3, 2022

_____
Cristina D. Silva
United States District Court Judge