# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Golden Creek Holdings, Inc.,

        Plaintiff

  v.

Quality Loan Servicing Corporation; Nationstar Mortgage LLC; Nevada Legal News, LLC,

        Defendants

Case No.: 2:22-cv-00166-CDS-EJY

**Order Granting Defendant's Motion to Dismiss and Denying Defendant's Motion to Reconsider**

[ECF Nos. 6, 7]

      This case stems from disputed claims over a parcel of real property in Nevada. Plaintiff Golden Creek Holdings, Inc. (Golden Creek) alleges that Defendant Nationstar Mortgage LLC (Nationstar) attempted to wrongfully foreclose on the property without having valid title. Golden Creek sues for quiet title and wrongful foreclosure under the theory that Nationstar's deed of trust was extinguished in 2021 under Nevada law.

      Now Nationstar moves to dismiss Golden Creek's claims against it based on its theory that the plain language of the at-issue statute demonstrates that the deed of trust was not extinguished. Alternatively, it moves for reconsideration of the state court's entry of a preliminary injunction. Because my jurisdiction over the entry of injunctive relief in state court is unclear,[1] I deny Nationstar's motion for reconsideration without considering its merits. However, I grant Nationstar's motion to dismiss with prejudice.

---

[1] According to the Eighth Judicial District Court's docket, the state-court case is statistically closed. So it is unclear whether the preliminary injunction is still active. If there is any need to address the preliminary injunction, the parties must do so in state court.

I.      Relevant background information[2]

Golden Creek alleges that it owns the parcel of real property, located at 4113 Keasberry Avenue, that is at the heart of this litigation. Compl., ECF No. 1-1 at 3. It states that, under the Notice of Breach and Default recorded on September 10, 2021, Nationstar claims to be the beneficiary under the deed of trust recorded against the property and notes that Qualify Loan is the trustee for Nationstar. *Id.* Nationstar contends that it is the beneficiary of the deed of trust against the property to secure the repayment of a loan to a non-party borrower, which was recorded on June 24, 2010. Mot. Dismiss, ECF No. 7 at 3; Deed, Ex. 1, ECF No. 7-1.[3]

Golden Creek alleges that the 2021 Notice of Default states that the borrower of the loan taken out on the subject property went into default on May 1, 2011, so the amount due based on the promissory note—which the deed of trust purportedly secures—was "accelerated"[4] and became wholly due and payable by May 1, 2011. *Id.* At no time within the ten years after May 1, 2011, did Nationstar or Quality Loan foreclose on the deed of trust as mandated by NRS § 106.240. *Id.* Thus, Golden Creek claims, the statute of limitations for the defendants to foreclose on the deed of trust against the property expired on May 1, 2021, as a matter of law. *Id.* at 3–4. Golden Creek thus filed a quiet-title action against defendants in Nevada's Eighth Judicial District Court, seeking declaratory and injunctive relief in addition to bringing a cause of action against defendants for wrongful foreclosure. ECF No. 1-1. Defendants removed the

---

[2] In ruling on the motion to dismiss, I "assume [the] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). My factual summary thus takes the plaintiff's well-pled factual allegations as true.

[3] Nationstar requests that I take judicial notice of the documents attached as exhibits 1–3 to its motion to dismiss. ECF No. 6 at 3 n.1. Nationstar alleges, and Golden Creek does not dispute, that all three exhibits are copies of recorded documents taken from the Clark County Recorder's Office. A judicially noticeable fact is one that is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[.]" NRS § 47.130(b). I thus take judicial notice of Nationstar's exhibits 1, 2, and 3 within ECF No. 7-1.

[4] An acceleration clause in a contract for a home loan defines how the lender of the loan can accelerate the borrower's repayment schedule via the action spelled out in the acceleration contract. *See Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (discussing acceleration clauses in Nevada). The relevant clause in the contract at issue can be found in the Deed of Trust. ECF No. 7-1 at 15–16, ¶ 22.

action to this court, and Nationstar now moves to dismiss Golden Creek's complaint. ECF No. 6. Nationstar argues that no acceleration occurred until 2014 at the earliest, *id.* at 4, and further argues that acceleration was later rescinded in 2021. *Id.* at 5.

## II.     Legal standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

## III.    Discussion

Golden Creek's complaint asserts claims for quiet title, declaratory relief, injunctive relief, and wrongful foreclosure. ECF No. 1-1. Its claims are based on its allegations that Nationstar's deed of trust for the subject property was extinguished by operation of NRS § 106.240 and that Quality Loan lacked authority to foreclose on the property. NRS § 106.240 provides the following:

> The lien . . . created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become

>wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Golden Creek asserts that Nationstar's deed of trust to the subject property was extinguished by statute because the debt secured by Nationstar's deed became wholly due and was in default on May 1, 2011. Resp., ECF No. 16 at 7. Nationstar counters that the debt could not have been wholly due until after the Notice of Default was recorded on July 11, 2014. ECF No. 7 at 8; Not., ECF No. 7-1 at 43. Nationstar then rescinded the notice of default in September 2021 and again in December 2021, and those rescissions decelerated any acceleration contained in the 2014 Notice of Default. *Id*.

Nationstar alleges that the ten-year clock prescribed by NRS § 106.240 should not have started counting until 2014, when it recorded a Notice of Default, whereas Golden Creek asserts that the ten-year clock should have started on May 1, 2011, which is the date when the original borrower first went into default. But Nevada law requires a notice of default to be recorded. NRS § 107.080. The effect of Nevada's statutes is that "acceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and that this period does not begin to run until the notice of default has been recorded." *Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, 2022 WL 874634, at *2 (9th Cir. Mar. 24, 2022) (unpublished decision)[5]. Accordingly, whether Nationstar issued an unrecorded acceleration in 2011 is legally irrelevant; such an unrecorded notice could not have rendered its debt "wholly due."

Golden Creek asserts that Nationstar "mistakenly believes that only a recorded notice of default can accelerate the amounts wholly due under the underlying promissory note." ECF No. 16 at 7. But this belief is not mistaken; under Nevada law, the 35-day period permitting

---

[5] While this decision is an unpublished memorandum decision, I cite it not for its holdings of law but instead for its analysis of the relevant portion of the Nevada Revised Statutes.

4

remediation of the debt "commences on the first day following the day upon which the **notice of default and election to sell is recorded in the office of the country recorder[.]**" NRS § 107.080(3) (emphasis added). Because the debt can only be accelerated through the recording of a notice of default, Golden Creek's arguments regarding any acceleration of debt prior to the date that the Notice of Default was recorded (*i.e.*, July 11, 2014) are unavailing.[6] Golden Creek does not allege what event or communication, if any, from Nationstar would have begun the acceleration clock in 2011.

Finding that the debt in this case could not have been accelerated under Nevada law until Nationstar recorded the 2014 Notice of Default, I grant Nationstar's motion to dismiss Golden Creek's claims for quiet title, declaratory relief, injunctive relief, and wrongful foreclosure. And although "leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Finding that amendment cannot cure the inescapable reality that Nationstar did not record a notice of default on the subject property until July 11, 2014, I dismiss Golden Creek's claims against Nationstar with prejudice and without leave to amend.

## IV. Conclusion

IT IS HEREBY ORDERED that Nationstar's motion to reconsider the state court injunction [ECF No. 6] is DENIED.

IT IS FURTHER ORDERED that Nationstar's motion to dismiss [ECF No. 7] is **GRANTED** according to the instructions in this order.

DATED: March 16, 2023

_____
Cristina D. Silva
United States District Judge

---

[6] Golden Creek also argues that Nationstar is guilty of a category C felony for false representation concerning title, as a result of Nationstar's argument that that no express representation as to the default occurred on May 1, 2011. ECF No. 16 at 9. This is not a criminal case, and Golden Creek provides no authority by which it may maintain a private right of action under the statute. I thus decline to address this argument further.