UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Golden Creek Holdings, Inc., | Case No. 2:22-cv-00166-CDS-EJY |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion for Reconsideration, Dismissing Remaining Defendants, and Closing Case** |
| Quality Loan Servicing Corporation, *et al.*, | |
| Defendants | [ECF No. 32] |

Plaintiff Golden Creek Holdings, Inc., moves for reconsideration of my prior order granting defendant Nationstar's motion to dismiss, claiming that a recent unpublished disposition issued by the Nevada Supreme Court suggests they have met their pleading requirement to survive the motion to dismiss. In the alternative, Golden Creek seeks leave to file an amended complaint. Nationstar opposes the motion. The matter is fully briefed and I find the motion suitable for disposition without a hearing. Fed. R. Civ. P. 78-1. For the reasons set forth herein, I deny Golden Creek's motion.

I also issued an order to show cause on March 16, 2023, ECF No. 31, ordering Golden Creek to explain why defendants Quality Loan Servicing Corporation and Nevada Legal News, LLC should not be dismissed from this action. Golden Creek timely responded to that order, submitting that both remaining defendants should be dismissed. I therefore expunge the order to show cause, dismiss those defendants, and direct the Clerk of Court to close this case.

I.    Discussion

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Golden Creek seeks reconsideration

of my order granting Nationstar's motion to dismiss, arguing "new" intervening and controlling law renders my order finding the debt at issue in this action "can only be accelerated through the recording of a notice of default" erroneous. ECF No. 32 at 4. According to Golden Creek, the Nevada Supreme Court's decision in *LDG Golf, Inc. v. Bank of America*, 518 P.3d 483 (Nev. 2022) (unpublished table disposition) confirms that a recorded notice of default does not always accelerate the debt, but that the debt can be accelerated by any other act or event so long as it is "exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Id.* at 4–5 (citing *LDG Golf*). Nationstar responds that *LDG Golf* is nonprecedential authority and regardless, that Golden Creek misinterprets *LDG Golf*, as *LDG Golf* "narrowed rather than broadened the circumstances under which acceleration may occur." ECF No. 34 at 2–3.

Even if Golden Creek had moved for this court to consider and apply *LDG Golf*, the outcome would not have changed. *LDG Golf* holds that a recorded notice of default does not always accelerate the debt, as acceleration must be "exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *LDG Golf*, 518 P.3d at 483 (citing *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991)). The court holds that a notice of default does not necessarily accelerate a loan when it is unclear or equivocal. *Id.* Golden Creek contorts the holding by arguing that a letter sent prior to the recording of the notice of default could have accelerated the debt. ECF No. 32 at 9–10. But I have already determined any arguments that acceleration of debt before the 2014 Notice of Default was recorded were unavailing.[1] ECF No. 30. And *LDG Golf* does not address whether any communications *other* than notices of default could have accelerated the loan; it thus fails to provide a basis for me to reconsider my prior decision. Accordingly, Golden Creek's motion for reconsideration (ECF No. 32) is denied. Plaintiff's motion for alternative relief in the form of filing an amended complaint is also denied

---

[1] Golden Creek does not identify which letter purportedly accelerated the debt, but rather "submits that a similar letter [to another letter accelerating the debt on a different home loan] will absolutely be revealed during discovery in this case." ECF No. 32 at 10.

2

as I still find that amendment would be futile. Without any plausible allegation that the debt was accelerated before 2014—and a conclusory statement that discovery might turn up such a letter is insufficient—there is no amendment that could save the plaintiff's claims.

II.  Conclusion

IT IS THEREFORE ORDERED that Golden Creek's motion for reconsideration, or in the alternative, motion to amend **[ECF No. 32] is DENIED**.

IT IS FURTHER ORDERED that defendants Quality Loan Servicing Corporation and Nevada Legal News, LLC are dismissed from this action.

The Clerk of Court is kindly directed to enter judgment accordingly close this case.

DATED: July 25, 2023

_____
Cristina D. Silva
United States District Judge